# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HERSCHEL K. BAILEY, IV,** <br> **individually, and on behalf of all others** <br> **similarly situated,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **SIX FLAGS ENTERTAINMENT CORP.,** <br> **a Delaware Corporation,** <br><br> **Defendant.** | **No. 1:17-cv-03336-MHC-AJB** <br><br> Hon. Mark H. Cohen <br><br> **CLASS ACTION** <br><br> Complaint Filed:     09/01/17 <br> Complaint Served:   09/29/17 |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA)

Defendant Six Flags Over Georgia II, L.P. ("Defendant" or "SFOG"), erroneously served and sued as Six Flags Entertainment Corp. ("Six Flags"), by and through its undersigned counsel, Norton Rose Fulbright US LLP and Cohen Pollock Merlin Turner, P.C., hereby submits its Answer and Affirmative Defenses to the *Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act* (FACTA) (the "Complaint") filed by Plaintiff Herschel K. Bailey, IV ("Plaintiff").

## **PRELIMINARY STATEMENT**

Plaintiff has served and sued Six Flags, but Six Flags does not do business in the State of Georgia, and therefore, is not subject to jurisdiction in this District. Plaintiff's Complaint refers to purchases made at Six Flags Over Georgia, which is operated by SFOG. Therefore, we are responding to Plaintiff's Complaint on the assumption that Plaintiff intended to serve and sue SFOG and believe the Court is dealing with a misnomer.

Based upon that assumption, we hereby respond to Plaintiff's Complaint as if SFOG had been correctly named. To the extent Plaintiff did intend to sue Six Flags despite it not being subject to jurisdiction in this District, this Court should deem this Answer and Affirmative Defenses as being asserted by Six Flags until such time as the jurisdictional issues are brought fully before the Court. Six Flags likewise denies any and all alleged wrongdoing or violation of FACTA.

## **ANSWER**

SFOG expressly denies all allegations in Plaintiff's Complaint unless expressly admitted herein.

## I. Responses to Plaintiff's Allegations Regarding the
## "Nature of the Case"

1.      SFOG refers the Court to the statute referenced in Paragraph 1 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.

2.      SFOG refers the Court to the statute referenced in Paragraph 2 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.

3.      SFOG denies the allegations in Paragraph 3 of the Complaint.

## II. Responses to Plaintiff's Allegations Regarding
## "Jurisdiction and Venue"

4.      SFOG denies the allegations, including conclusions of law, in Paragraph 4 of the Complaint.

5.      SFOG admits it does business in this District.  SFOG neither admits nor denies the remaining allegations in Paragraph 5 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 5 of the Complaint.

### III. Responses to Plaintiff's Allegations Regarding "Parties"

6.      SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

7.      Six Flags was erroneously named and sued in this matter, and is not a proper defendant because it does not conduct business in Georgia or operate the Georgia theme parks.  SFOG admits it is a Delaware corporation.  SFOG denies the remaining allegations, including conclusions of law, in Paragraph 7 of the Complaint.

8.      SFOG denies the allegations in Paragraph 8 of the Complaint..

9.      SFOG denies the allegations in Paragraph 9 of the Complaint.

10.      SFOG denies the allegations in Paragraph 10 of the Complaint.

### IV. Responses to Plaintiff's Allegations Regarding "Factual Allegations"

**A.      Responses to Plaintiff's Allegations Regarding "Background"**

11.      SFOG admits the allegations in Paragraph 11 of the Complaint.

12.      SFOG admits it engaged lobbyists for limited engagements and relating to discrete matters in or around 2003.  SFOG denies the remaining allegations in Paragraph 12 of the Complaint.

13.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies them.

14.     SFOG refers the Court to the statute referenced in Paragraph 14 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.   SFOG neither admits nor denies the remaining allegations in Paragraph 14 of the Complaint as these allegations set forth conclusions of law to which no response is required.   To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 14 of the Complaint.

15.     SFOG refers the Court to the statute referenced in Paragraph 15 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.   SFOG neither admits nor denies the remaining allegations in Paragraph 15 of the Complaint as these allegations set forth conclusions of law to which no response is required.   To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 15 of the Complaint.

16.     SFOG refers the Court to the statute referenced in Paragraph 16 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.

17.     SFOG refers the Court to the statute referenced in Paragraph 17 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.   SFOG neither admits nor denies the remaining allegations in Paragraph 17 of the Complaint as these allegations set forth conclusions of law to which no response is required.   To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 17 of the Complaint.

18.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint regarding actions taken by banks and credit card associations, and therefore denies them.   SFOG denies the remaining allegations in Paragraph 18 of the Complaint.

19.     SFOG refers the Court to the article referenced in Paragraph 19 of the Complaint, which speaks for itself, and denies any characterization or description of the article.   SFOG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore denies them.

20.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint regarding actions taken by card-issuing organizations, and therefore denies them.  SFOG neither admits nor denies the remaining allegations in Paragraph 21 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 21 of the Complaint.

22.     SFOG refers the Court to the document referenced in Paragraph 22 of the Complaint, which speaks for itself, and denies any characterization or description of the document.  SFOG denies the remaining allegations in Paragraph 22 of the Complaint.

23.     SFOG refers the Court to the statute referenced in Paragraph 23 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.  SFOG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint regarding other retailers' compliance with contractual obligations with card companies, and therefore denies them.  SFOG neither admits nor denies the remaining allegations in Paragraph 23 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response

may be required, SFOG denies the remaining allegations in Paragraph 23 of the Complaint.

24.     SFOG refers the Court to the statute referenced in Paragraph 24 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.   SFOG neither admits nor denies the remaining allegations in Paragraph 24 of the Complaint as these allegations set forth conclusions of law to which no response is required.   To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 24 of the Complaint.

25.     SFOG refers the Court to the document attached as Exhibit A referenced in Paragraph 25 of the Complaint, which speaks for itself, and denies any characterization or description of the document.   SFOG denies the remaining allegations in Paragraph 25 of the Complaint.

26.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint regarding actions taken by other businesses, and therefore denies them.   SFOG denies the remaining allegations in Paragraph 26 of the Complaint.

27.     SFOG denies the allegations in Paragraph 27 of the Complaint.

28.     SFOG refers the Court to the website referenced in Paragraph 28 of the Complaint, which speaks for itself, and denies any characterization or

description of the website.  SFOG denies the remaining allegations in Paragraph 28 of the Complaint.

29.   SFOG refers the Court to the website referenced in Paragraph 29 of the Complaint, which speaks for itself, and denies any characterization or description of the website.  SFOG denies the remaining allegations in Paragraph 29 of the Complaint.

30.   SFOG admits it accepts certain credit cards at its theme park and that in accepting those credit cards, the card brands set forth certain requirements for merchants.  SFOG denies the remaining allegations in Paragraph 30 of the Complaint.

31.   SFOG refers the Court to the document attached as Exhibit B referenced in Paragraph 31 of the Complaint, which speaks for itself, and denies any characterization or description of the document.  SFOG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint regarding of what all "processing companies" allegedly require, and therefore denies them.  SFOG denies the remaining allegations in Paragraph 31 of the Complaint.

32.   SFOG refers the Court to the document attached as Exhibit C referenced in Paragraph 32 of the Complaint, which speaks for itself, and denies

any characterization or description of the document. SFOG denies the remaining allegations in Paragraph 32 of the Complaint.

33.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint regarding instructions allegedly provided by Discover to all merchants, and therefore denies them. SFOG denies the remaining allegations in Paragraph 33 of the Complaint.

34.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint regarding the National Retail Federation, and therefore denies them. SFOG denies the remaining allegations in Paragraph 34 of the Complaint.

35.     SFOG denies the allegations in Paragraph 35 of the Complaint.

36.     SFOG denies the allegations in Paragraph 36 of the Complaint.

37.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint regarding memoranda allegedly sent to all members of the National Retail Association, and therefore denies them. SFOG denies the remaining allegations in Paragraph 37 of the Complaint.

38.     SFOG denies the allegations in Paragraph 38 of the Complaint.

39.     SFOG denies the allegations in Paragraph 39 of the Complaint.

40.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint regarding insurance companies, and therefore denies them.  SFOG denies the remaining allegations in Paragraph 40 of the Complaint.

41.     SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies them.

42.     SFOG refers the Court to the statute referenced in Paragraph 42 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.   SFOG neither admits nor denies the remaining allegations in Paragraph 42 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 42 of the Complaint.

43.     SFOG denies the allegations in Paragraph 43 of the Complaint.

44.     SFOG refers the Court to the website referenced in Paragraph 44 of the Complaint, which speaks for itself, and denies any characterization or description of the website.  SFOG denies the remaining allegations of Paragraph 44 of the Complaint.

45.     SFOG denies the allegations in Paragraph 45 of the Complaint.

**B.    Responses to Plaintiff's Allegations Regarding "Plaintiff's Factual Allegations"**

46.    SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47.    SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies them.[1]

48.    SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint, and therefore denies them.

49.    SFOG denies the measures taken by Plaintiff were "necessary." SFOG lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint, and therefore denies them.

50.    SFOG denies the allegations in Paragraph 50 of the Complaint.

---

[1]    SFOG admits it accepts at its theme park Visa, MasterCard, or Discover debit or credit card, and/or American Express credit cards.

51.    SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies them.

52.    SFOG admits it employs "Mystery Shoppers" for loss prevention. SFOG denies the remaining allegations in Paragraph 52 of the Complaint.

53.    SFOG denies the allegations in Paragraph 53 of the Complaint.

54.    SFOG denies the allegations in Paragraph 54 of the Complaint.

55.    SFOG denies the allegations in Paragraph 55 of the Complaint.

56.    SFOG admits it has thousands of visitors per day and is spread across 283 acres.  SFOG refers the Court to the civil lawsuit referenced in Paragraph 56 of the Complaint, which speaks for itself, and denies any characterization or description of the civil lawsuit.   SFOG denies the remaining allegations in Paragraph 56 of the Complaint.[2]

---

[2]    SFOG refers the Court to the civil lawsuit referenced in Footnote 2 in Paragraph 56 of the Complaint, which speaks for itself, and denies any characterization or description of the civil lawsuit.  SFOG neither admits nor denies the remaining allegations in Footnote 2 in Paragraph 56 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, SFOG denies the remaining allegations in Paragraph 56 of the Complaint.

**C.    Responses to Plaintiff's Allegations Regarding "Defendant's Misdeeds"**

57.    SFOG neither admits nor denies the allegations in Paragraph 57 of the Complaint as these allegations set forth conclusions of law to which no response is required.  To the extent a response may be required, SFOG denies the allegations in Paragraph 57 of the Complaint.

58.    SFOG denies the allegations in Paragraph 58 of the Complaint.

59.    SFOG admits it issues electronically printed receipts to individuals at the point of sale.  SFOG denies the remaining allegations in Paragraph 59 of the Complaint.

60.    SFOG denies the allegations in Paragraph 60 of the Complaint.

61.    SFOG denies the allegations in Paragraph 61 of the Complaint.

62.    SFOG denies the allegations in Paragraph 62 of the Complaint.

63.    SFOG denies the allegations in Paragraph 63 of the Complaint.

64.    SFOG denies the allegations in Paragraph 64 of the Complaint.

65.    SFOG refers the Court to the case referenced in Paragraph 65 of the Complaint, which speaks for itself, and denies any characterization or description of the case.  SFOG denies the remaining allegations in Paragraph 65 of the Complaint.

## V. Responses to Plaintiff's Allegations Regarding "Class Action Allegations"

66.    SFOG denies the allegations in Paragraph 66 of the Complaint and that a class action is appropriate.

67.    SFOG denies the allegations in Paragraph 67 of the Complaint and that a class action is appropriate.

68.    SFOG denies the allegations in Paragraph 68 of the Complaint.

69.    SFOG denies the allegations in Paragraph 69 of the Complaint and that a class action is appropriate.

70.    SFOG denies the allegations in Paragraph 70 of the Complaint and that a class action is appropriate.

71.    SFOG denies the allegations in Paragraph 71 of the Complaint and that a class action is appropriate.

72.    SFOG denies the allegations, including conclusions of law, in Paragraph 72 of the Complaint and that a class action is appropriate.

73.    SFOG lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint regarding whether Plaintiff purchased goods from SFOG, and therefore denies them.  SFOG denies the remaining allegations in Paragraph 73 of the Complaint.

74.     SFOG denies the allegations, including conclusions of law, in Paragraph 74 of the Complaint and that a class action is appropriate.

75.     SFOG denies the allegations, including conclusions of law, in Paragraph 75 of the Complaint and that a class action is appropriate.

76.     SFOG denies the allegations, including conclusions of law, in Paragraph 76 of the Complaint and that a class action is appropriate.

77.     SFOG denies the allegations, including conclusions of law, in Paragraph 77 of the Complaint and that a class action is appropriate.

78.     SFOG denies the allegations, including conclusions of law, in Paragraph 78 of the Complaint and that a class action is appropriate.

### VI. Responses to Plaintiff's Allegations Regarding "Causes of Action Violations of 15 U.S.C. § 1681(c)(g)"

79.     SFOG refers the Court to the statute referenced in Paragraph 79 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.

80.     SFOG refers the Court to the statute referenced in Paragraph 80 of the Complaint, which speaks for itself, and denies any characterization or description of the statute.

81.     SFOG neither admits nor denies the allegations in Paragraph 81 of the Complaint as these allegations are conclusions of law to which no response is

required.  To the extent a response may be required, SFOG denies the allegations in Paragraph 81 of the Complaint.

82.     SFOG denies the allegations, including conclusions of law, in Paragraph 82 of the Complaint.

83.     SFOG denies the allegations, including conclusions of law, in Paragraph 83 of the Complaint.

84.     SFOG denies the allegations, including conclusions of law, in Paragraph 84 of the Complaint.

85.     SFOG denies the allegations, including conclusions of law, in Paragraph 85 of the Complaint.

### VII. Responses to Plaintiff's Allegations Regarding "Jury Demand"

86.     SFOG neither admits nor denies the allegations in Paragraph 86 of the Complaint as these allegations set forth a demand for jury trial to which no response is required.  To the extent a response may be required, SFOG denies the allegations in Paragraph 86 of the Complaint.

87.     As set forth in the Preliminary Statement, to the extent Plaintiff has intended to join and sue Six Flags in this proceeding notwithstanding it not being subject to jurisdiction in this District, Six Flags adopts all the responses in Paragraphs 1 through 86 of this Answer, including the responses to the Prayer for

Relief, along with the Affirmative Defenses as set forth below until such time as those jurisdictional issues are before the Court.

### VII. Responses to Plaintiff's Allegations Regarding "Prayer For Relief"

A.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph A.

B.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph B.

C.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph C.

D.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph D.

E.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph E.

F.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph F.

G.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph G.

H.     SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph H.

I.    SFOG denies that Plaintiff is entitled to any of the relief requested in the Complaint and denies the allegations in Paragraph I.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff, SFOG asserts the following defenses:

### First Defense

The Complaint fails to state a claim for which Plaintiff is entitled to relief.

### Second Defense

Plaintiff lacks standing under Article III because Plaintiff cannot show, among other things, an injury in fact or any connection between any alleged injury and the conduct complained of in the Complaint.

### Third Defense

Plaintiff has erroneously served and sued the incorrect entity because only SFOG is subject to jurisdiction in this District.

### Fourth Defense

SFOG is not liable to Plaintiff because SFOG did not willfully fail to comply with any FACTA requirements.

### Fifth Defense

Plaintiff's claims are barred or limited, in whole or in part, because he has suffered no damages as a result of the matters alleged in the Complaint.

### Sixth Defense

SFOG is not liable to Plaintiff for the reasons set forth in its Motion to Dismiss ("Motion to Dismiss") and memoranda of law in support. The reasons and defenses set forth in Six Flags' Motion to Dismiss and memoranda of law in support are incorporated herein.

### Seventh Defense

No act by SFOG, or by any person or entity for which SFOG was responsible, was the cause of any injury in fact, damages, or loss of money or property alleged by Plaintiff.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

### Ninth Defense

To the extent Plaintiff and/or the putative class seeks damages from SFOG, any such claim for damages is barred by the failure to mitigate damages.

### Tenth Defense

This action cannot be maintained as a class action because the certification and maintenance of this action as a class would violate SFOG's due process rights.

### Eleventh Defense

This action cannot be maintained as a class action because Plaintiff seeks to certify a putative class that consists of members who lack Article III standing and have not suffered any injury as a result of any act or omission by SFOG.

### Twelfth Defense

This action cannot be maintained as a class action because the named Plaintiff and the putative class cannot satisfy the requirements of Fed. R. Civ. P. 23.

### Thirteenth Defense

This action cannot be maintained as a class action because the questions of fact at issue are not common to the alleged class, but rather, are highly specific and will vary dramatically from person to person, and because class membership is not ascertainable and a class action is not the superior means of proceeding.

### Fourteenth Defense

This action cannot be maintained as a class action because class certification would violate SFOG's rights as provided by the Fifth, Seventh, and Fourteenth

Amendments to the United States Constitution, including but not limited to, SFOG's right to procedural and substantive safeguards, which include traditional defenses to liability.

## Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, because the acts, omissions, conduct, and/or injury complained of were proximately caused by persons or entities other than SFOG.

## Sixteenth Defense

Any ultimate recovery by Plaintiff and/or the putative class members, to which SFOG denies Plaintiff and/or the putative class members are entitled, must be reduced, apportioned, or denied to the extent any such damages were sustained as a direct and proximate result of the acts, omissions, fault, negligence, or breach of parties other than SFOG and, as such, SFOG is not responsible for those damages.

## Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

## Eighteenth Defense

SFOG hereby gives notice that it intends to rely upon any other additional defense(s) that is now or may become available, or appear during, or as a result of discovery proceedings in this action, and hereby reserves its right to amend its Answer to assert such defense(s). SFOG also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action or some part thereof is governed by the substantive law of any State whose law is or becomes relevant in the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, SFOG requests judgment in its favor dismissing the Complaint in its entirety with prejudice, together with costs, fees, and any other relief that the Court deems just and proper.

Dated: May 20, 2019

By: /s/ Spencer Persson
    SPENCER PERSSON

**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
spencer.persson@nortonrosefulbright.com

Gerald B. Kline
Georgia Bar No. 425175
**COHEN POLLOCK MERLIN TURNER, P.C.**
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
Telephone:  (770) 858-1288
Facsimile:   (770) 858-1277
gkline@cpmtlaw.com

*Attorneys for Defendant*
*Six Flags Over Georgia, Inc., incorrectly served*
*and sued as Six Flags Entertainment Corp.*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this pleading complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this pleading has been typed in Times New Roman 14 point.

This 20th day of May, 2019.

Dated: May 20, 2019

By: /s/ Spencer Persson
SPENCER PERSSON

**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:   (213) 892-9200
Facsimile:   (213) 892-9494
spencer.persson@nortonrosefulbright.com

Gerald B. Kline
Georgia Bar No. 425175
**COHEN POLLOCK MERLIN TURNER, P.C.**
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
Telephone:   (770) 858-1288
Facsimile:   (770) 858-1277
gkline@cpmtlaw.com

*Attorneys for Defendant*
*Six Flags Over Georgia, Inc., incorrectly served*
*and sued as Six Flags Entertainment Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES PLAINTIFF'S TO CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA)** with the Court using the CM/ECF system which will send notification of such filing to the following:

Cindy Wagner
W. Allen McDonald (admitted Pro Hac Vice)
Michael R. Franz (admitted Pro Hac Vice)
LACY, PRICE & WAGNER, P.C.
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923
Telephone: (865) 246-0800

Christopher T. Cain (admitted Pro Hac Vice)
SCOTT & CAIN
550 West Main Street, Suite 601
Knoxville, Tennessee 27902
Telephone: (865) 525-2150

*Attorneys for Plaintiff Herschel K. Bailey, IV*

This 20th day of May, 2019.

By:   /s/ Gerald B. Kline
             Gerald B. Kline
             Georgia Bar No. 425175
             Counsel for Defendant