IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERSCHEL K. BAILEY, IV, individually, and on behalf of all others similarly situated, | ) ) ) NO. 1:17-cv-03336-MHC-AJB |
| Plaintiff, | ) ) Hon. Mark H. Cohen |
| v. | ) CLASS ACTION |
| SIX FLAGS ENTERTAINMENT CORP., a Delaware Corporation, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Herschel K. Bailey, IV, individually and on behalf of all others similarly situated, by and through counsel and pursuant to Fed. R. Civ. P. 26(b)(1) and 36, and hereby requests that Defendant, Six Flags Entertainment Corp., respond to the following requests for admissions.

### INSTRUCTIONS AND DEFINITIONS

1. References to "Six Flags", "you" and "Defendant" include your agents, employees, attorneys and your merged or acquired predecessors. Likewise, references to any other named person or entity include that person's agents, employees, attorneys and, in the case of a non-natural person, its merged or acquired predecessors.

2. "Defendant's locations" means an amusement park, water park, or other location owned or controlled by you where sales were conducted that resulted in a printed point-of-sale receipt.

3. All words not specifically defined herein shall be given their ordinary meaning.

## REQUESTS FOR ADMISSION

1. On or about July 20, 2017, Plaintiff made a credit card purchase at Defendant's location at Six Flags Over Georgia in Austell, Georgia.

2. On or about July 20, 2017, the electronic payment processing equipment at the Defendant's location in Austell, Georgia printed a receipt for Plaintiff's purchase.

3. A true and accurate copy of Plaintiff's July 20, 2017 customer receipt is attached as Exhibit 1.

4. The July 20, 2017 receipt printed for Plaintiff at Defendant's location in Austell, Georgia contains more than five (5) digits of Plaintiff's primary account number on his credit card.

5. Between July 20, 2012 and now, point-of-sale transaction receipts containing more than five (5) digits of a customer's primary account number were printed for customers other than Plaintiff when they made a purchase at the Defendant's locations throughout the United States.

6. Between July 20, 2012 and now, more than 1,000,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

7. Between July 20, 2012 and now, more than 2,000,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

8. Between July 20, 2012 and now, more than 2,800,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

9. At various times between July 20, 2012 and the present, the software or equipment used to generate point-of-sale transaction receipts for customers at Defendant's locations

throughout the United States was set or programmed to print more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts.

10.     At some time(s) between July 20, 2012 and the present and the present, the software or equipment used to generate point-of-sale transaction receipts for customers at Defendant's locations throughout the United States was reset or reprogrammed to stop printing more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts.

11.     You printed point-of-sale transaction receipts which included the first six and last four card digits of a customer's primary account number of a debit card on their receipt for the time frames at your specific location as follows:

> Start Date by location:
> Six Flags over Georgia: May 22, 2017 to August 12, 2017
> Six Flags over Texas: June 12, 2017 to August 12, 2017
> Hurricane Harbor Arlington: June 12, 2017 to August 12, 2017
> White Water Atlanta: June 12, 2017 to August 12, 2017
> Six Flags Discovery Kingdom: June 13, 2017 August 12, 2017
> Six Flags Magic Mountain: June 13, 2017 August 12, 2017
> The Great Escape: June 13, 2017 August 12, 2017
> Hurricane Harbor Concord: June 13, 2017 August 12, 2017
> Six Flags Fiesta TX: June 14, 2017 August 12, 2017
> Six Flags Great Adventure: June 14, 2017 August 12, 2017
> Six Flags Great America: June 14, 2017 August 12, 2017
> Six Flags New England: June 15, 2017 August 12, 2017
> Six Flags St Louis: June 15, 2017 August 12, 2017
> Six Flags America: June 15, 2017 August 12, 2017

12.     The total receipts printed which included the first six and last four card digits of a customer's primary account number of a debit or credit care for the time frames related above in Request 11 and your specific locations are as follows:

> | Location | Count |
> |---|---|
> | Six Flags over Georgia: | 681,417 |
> | Six Flags over Texas: | 221,721 |
> | Hurricane Harbor Arlington: | 131,925 |
> | White Water Atlanta: | 78,260 |
> | Six Flags Discovery Kingdom: | 170,553 |
> | Six Flags Magic Mountain: | 266,818 |

| | |
|---|---|
| The Great Escape: | 41,799 |
| Hurricane Harbor Concord: | 11,702 |
| Six Flags Fiesta TX: | 183,102 |
| Six Flags Great Adventure: | 241,362 |
| Six Flags Great America: | 339,888 |
| Six Flags New England: | 154,931 |
| Six Flags St Louis: | 167,183 |
| Six Flags America: | 114,316 |

13. Defendant's executive(s) learned that it had printed and was continuing to print point-of-sale transaction receipts which included the first six and last four card digits as a result of communication with legal counsel representing a person who claimed to have received such a receipt.

14. You printed point-of-sale transaction receipts which included the expiration date of a customer's primary account number of a debit card on their receipt for the time frames at your specific location as follows:

Start Date by location:

| | |
|---|---|
| Six Flags over Georgia: | October 14, 2016 to September 28, 2017 |
| Six Flags over Texas: | February 25, 2017 to September 28, 2017 |
| Hurricane Harbor Arlington: | May 6, 2017 to September 28, 2017 |
| White Water Atlanta: | May 13, 2017 to September 28, 2017 |
| Six Flags Discovery Kingdom: | December 17, 2016 to September 28, 2017 |
| Six Flags Magic Mountain: | January 12, 2017 to September 28, 2017 |
| The Great Escape: | May 13, 2017 to September 28, 2017 |
| Hurricane Harbor Concord: | June 12, 2017 to September 28, 2017 |
| Six Flags Fiesta TX: | November 19, 2016 to September 28, 2017 |
| Six Flags Great Adventure: | April 1, 2017 (water park, May 20) to Sept. 28, 2017 |
| Six Flags Great America: | April 16, 2017 to September 28, 2017 |
| Six Flags New England: | April 8, 2017 to September 28, 2017 |
| Six Flags St Louis: | March 25, 2017 to September 28, 2017 |
| Six Flags America: | April 1, 2017 to September 28, 2017 |

15. The total receipts printed which included the expiration date of a customer's primary account number of a debit or credit care for the time frames related above in Request 14 and your specific locations are as follows:

4

| | |
|---|---|
| Six Flags over Georgia: | 600,820 |
| Six Flags over Texas: | 442,039 |
| Hurricane Harbor Arlington: | 66,763 |
| White Water Atlanta: | 51,073 |
| Six Flags Discovery Kingdom: | 259,169 |
| Six Flags Magic Mountain: | 732,942 |
| The Great Escape: | 79,586 |
| Hurricane Harbor Concord: | 7,108 |
| Six Flags Fiesta TX: | 566,489 |
| Six Flags Great Adventure: | 393,068 |
| Six Flags Great America: | 313,656 |
| Six Flags New England: | 231,197 |
| Six Flags St Louis: | 202,484 |
| Six Flags America: | 94,716 |

16. In many cases Defendant reprinted duplicate receipts that were not provided to the cardholders at the point of sale.

17. As a result of the duplicate receipts reprinted by Defendant, the total number of receipts containing (a) the first six and last four card digits of the card and (b) the card's expiration date overstates the number of transactions by 10 to 25%.

18. Defendant's executives learned that it had printed and was continuing to print point-of-sale transaction receipts which included card's expiration date as a result of communication with legal counsel representing Plaintiff.

19. Before July 20, 2017, Defendant knew of, was made aware of or was advised about FACTA.

20. Before July 20, 2012, Defendant knew of, was made aware of or was advised about FACTA's prohibition against printing more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts and/or the expiration date of a debit or credit card on a customer's point-of-sale transaction receipt.

21. Since at least July 20, 2012, Defendant allowed their customers to pay for services using VISA, Mastercard, Discover or American Express debit or credit cards.

22. Since at least July 20, 2012, VISA's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits of a customer's primary account number or the expiration date of a debit or credit card on their receipts.

23. Since at least July 20, 2012, Mastercard's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

24. Since at least July 20, 2012, Discover's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

25. Since at least July 20, 2012, American Express's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

26. Since at least July 20, 2012, Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard, Discover and American Express provisions governing merchants who accept their cards.

27. Since at least July 20, 2012, Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard, Discover and American Express rules prohibiting merchants who accept their cards from printing customer point-of-sale

transaction receipts that contain more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

28. Since at July 20, 2012, Defendant has been aware of and followed PCI Data Security Standard (PCI DSS) requirements published by the Payment Card Industry Security Standards Council.

29. You maintain business records of Your season passholders' names, mailing addresses, and email addresses.

30. You maintain business records of the dates on which Your season passholders attended Defendant's locations.

31. You maintain business records of Your members' names, mailing addresses, and email addresses.

32. You maintain business records of the dates on which Your members attended Defendant's locations.

33. You maintain business records of the discounted purchases made by Your members at Defendant's locations.

34. You maintain business records of persons who purchased single day or multiple day tickets online for Defendant's locations.

35. You maintain records of the dates persons who purchased online tickets attended Defendant's locations

Respectfully submitted this 18th day of April 2018.

**LACY, PRICE & WAGNER, PC**

By: */s/ W. Allen McDonald*
W. Allen McDonald (*Admitted Pro Hac Vice*)
249 North Peters Road, Suite 101
Knoxville, Tennessee  37923
Telephone:  (865) 246-0800

**SCOTT & CAIN**

By: */s/ Christopher T. Cain*
Christopher T. Cain (*Admitted Pro Hac Vice*)
550 West Main Street, Suite 601
Knoxville, Tennessee 37902
Telephone: (865) 525-2150

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties by first-class U.S. Mail, postage prepaid, as follows:

Spencer Persson
Norton Rose Fulbright US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071

Gerald B. Kline
COHEN POLLOCK MERLIN & SMALL, P.C.
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339

This 18th day of April, 2018.

/s/ W. Allen McDonald



EXHIBIT 1 TO PLAINTIFF'S REQUESTS FOR ADMISSION

Miner's Cookhouse
275 Riverside Parkway
Austell, GA, 30168

| | |
|---|---|
| Chix Strip 4pc Bsk | 10.99 |
| Chix Strip 4pc Bsk | 10.99 |
| $2 off any meal basket | (2.00) |
| 2.00 off basket | (2.00) |
| SirloinChdrBurgerBsk | 9.99 |
| SUBTOTAL | 27.97 |
| TAX | 1.68 |
| AMOUNT DUE | 29.65 |
| AMEX | 29.65 |
| CHANGE | 0.00 |

VF

R0006020646006320170720141

DATE: 7/20/2017          TIME: 6:41 PM

CUSTOMER COPY

```
Terminal ID    : 60602646
TXNBR          : 170720060206460006300021
Entry Mode     : 05 ICC
Card Name      : AMERICAN EXPRESS
Number         : 
Seq. Number    : 000
Start Date     : 
Expires        : xx/xx
PURCHASE
AMOUNT         : 29.65 USD
Response       : APPROVED
Verified by Signature
Auth Code      : 826241
AID            : A000000025010801
App. Cryp.     : 40 A3B03635B260F796
TVR            : 0000008000
IAD            : 06720103602002
TSI            : F800
```

CUSTOMER COPY

Please retain for your records

Work where you play!
Apply today at
www.SixFlagsJobs.com

7/20/2017 18:41 0602 646 0063 02.07865