# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| HERSCHEL K. BAILEY, IV, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 17-cv-03336-MHC-AJB |
| v. | ) ) | Hon. Mark H. Cohen |
| SIX FLAGS ENTERTAINMENT CORP., a Delaware Corporation, | ) ) ) | CLASS ACTION |
| Defendant. | ) ) ) | |

## DEFENDANT SIX FLAGS OVER GEORGIA II, L.P.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the orders of this Court, Defendant Six Flags Over Georgia II, L.P. (wrongly named as Six Flags Entertainment Corp.), ("SFOG" or "Defendant") submits the following objections and responses to Plaintiff's First Set of Requests for Admission:

## PRELIMINARY STATEMENT

Plaintiff has served and sued Six Flags Entertainment Corp., but Six Flags Entertainment Corp. does not conduct business in the State of Georgia, and therefore, is not subject to jurisdiction in this District. Plaintiff's Complaint refers to purchases made at Six Flags Over Georgia, which is operated by SFOG.

Therefore, SFOG is responding to Plaintiff's First Set of Requests for Admissions on the assumption that Plaintiff intended to sue SFOG, and wrongly named Six Flags Entertainment Corp.

Based upon that assumption, SFOG hereby responds to Plaintiff's First Set of Requests for Admissions as if SFOG had been correctly named.

## RESPONSES TO REQUESTS

1.     On or about July 20, 2017, Plaintiff made a credit card purchase at Defendant's location at Six Flags Over Georgia in Austell, Georgia.

**RESPONSE**

Admit.

2.     On or about July 20, 2017, the electronic payment processing equipment at the Defendant's location in Austell, Georgia printed a receipt for Plaintiff's purchase.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "electronic payment processing equipment."   Subject to, and without waiving the foregoing objection, Defendant responds as follows:  Admit.

3.    A true and accurate copy of Plaintiff's July 20, 2017 customer receipt is attached as Exhibit 1.

**RESPONSE**

Defendant objects that it has been unable to locate a copy of Plaintiff's July 20, 2017 receipt.   Subject to, and without waiving the foregoing objection, Defendant responds as follows:  Admit.

4.    The July 20, 2017 receipt printed for Plaintiff at Defendant's location in Austell, Georgia contains more than five (5) digits of Plaintiff's primary account number on his credit card.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "Plaintiff's primary account number."  Subject to, and without waiving the foregoing objection, Defendant responds as follows:  Defendant admits that the July 20, 2017 receipt attached as Exhibit 1 includes the first six and last four digits of Plaintiff's card number, with the first six digits reflecting the issuing institution number.

5.    Between July 20, 2012 and now, point-of-sale transaction receipts containing more than five (5) digits of a customer's primary account number were

printed for customers other than Plaintiff when they made a purchase at the Defendant's locations throughout the United States.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that from May 22, 2017 to August 12, 2017, point-of-sale transaction receipts were printed at parks operated by SFOG that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

6.     Between July 20, 2012 and now, more than 1,000,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary

account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant denies that more than 1,000,000 point-of-sale transaction receipts were printed at parks operated by SFOG that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

7.     Between July 20, 2012 and now, more than 2,000,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary

account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant denies that more than 2,000,000 point-of-sale transaction receipts were printed at parks operated by SFOG that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

8.      Between July 20, 2012 and now, more than 2,800,000 point-of-sale transaction receipts containing more than five (5) digits of a customer's primary

account number were printed for customers when they made a purchase at Defendant's locations throughout the United States.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant denies that more than 2,800,000 point-of-sale transaction receipts were printed at parks operated by SFOG that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

9. At various times between July 20, 2012 and the present, the software or equipment used to generate point-of-sale transaction receipts for customers at

Defendant's locations throughout the United States was set or programmed to print more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "software or equipment used to generate" and "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that from May 22, 2017 to August 12, 2017, point-of-sale transaction receipts were printed at parks operated by SFOG that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number. Defendant further admits that software

relating to its conversion to EMV/chip technology caused the issuing institution number to be printed.

10.    At some time(s) between July 20, 2012 and the present and the present, the software or equipment used to generate point-of-sale transaction receipts for customers at Defendant's locations throughout the United States was reset or reprogrammed to stop printing more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "software or equipment used to generate" and "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Deny.  The software was modified to mask all but the last four digits of a debit or credit card.

11.    You printed point-of-sale transaction receipts which included the first six and last four card digits of a customer's primary account number of a debit card on their receipt for the time frames at your specific location as follows:

Start Date by location:
Six Flags over Georgia: May 22, 2017 to August 12, 2017
Six Flags over Texas: June 12, 2017 to August 12, 2017
Hurricane Harbor Arlington: June 12, 2017 to August 12, 2017
White Water Atlanta: June 12, 2017 to August 12, 2017
Six Flags Discovery Kingdom: June 13, 2017 August 12, 2017
Six Flags Magic Mountain: June 13, 2017 August 12, 2017
The Great Escape: June 13, 2017 August 12, 2017
Hurricane Harbor Concord: June 13, 2017 August 12, 2017
Six Flags Fiesta TX: June 14, 2017 August 12, 2017
Six Flags Great Adventure: June 14, 2017 August 12, 2017
Six Flags Great America: June 14, 2017 August 12, 2017
Six Flags New England: June 15, 2017 August 12, 2017
Six Flags St Louis: June 15, 2017 August 12, 2017
Six Flags America: June 15, 2017 August 12, 2017

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number."  Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG*

*v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that point-of-sale transaction receipts were printed at Six Flags Over Georgia from May 22, 2017 to August 12, 2017 and at White Water Atlanta from June 12, 2017 to August 12, 2017 that included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

12.    The total receipts printed which included the first six and last four card

digits of a customer's primary account number of a debit or credit care for the time

frames related above in Request 11 and your specific locations are as follows:

| | |
|---|---|
| Six Flags over Georgia: | 681,417 |
| Six Flags over Texas: | 221,721 |
| Hurricane Harbor Arlington: | 131,925 |
| White Water Atlanta: | 78,260 |
| Six Flags Discovery Kingdom: | 170,553 |
| Six Flags Magic Mountain: | 266,818 |
| The Great Escape: | 41,799 |
| Hurricane Harbor Concord: | 11,702 |
| Six Flags Fiesta TX: | 183,102 |
| Six Flags Great Adventure: | 241,362 |
| Six Flags Great America: | 339,888 |
| Six Flags New England: | 154,931 |
| Six Flags St Louis: | 167,183 |
| Six Flags America: | 114,316 |

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's

primary account number." Defendant further objects to this request as improper to

the extent it seeks information about transactions that took place outside the State of

Georgia because SFOG does not operate outside of Georgia, and Six Flags

Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG*

*v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court*

*of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects

to this request as overbroad as to time because receipts including the first six and

last four digits of credit or debit card numbers were only printed at parks operated

by SFOG from May 22, 2017 to August 12, 2017. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 681,417 point-of-sale transaction receipts were printed at Six Flags Over Georgia from May 22, 2017 to August 12, 2017, and that 78,260 point-of-sale transaction receipts were printed at White Water Atlanta from June 12, 2017 to August 12, 2017, which included the first six and last four digits of a customer card number, with the first six digits reflecting the issuing institution number.

13.     Defendant's executive(s) learned that it had printed and was continuing to print point-of-sale transaction receipts which included the first six and last four card digits as a result of communication with legal counsel representing a person who claimed to have received such a receipt.

**RESPONSE**

Defendant objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)

and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,

137 S. Ct. 1773 (2017). Defendant objects to this request to the extent it seeks

information that constitutes or contains privileged attorney-client material, attorney-

work product, work prepared for or in anticipation of litigation, or that are otherwise

protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds

as follows: Admit.

14.    You printed point-of-sale transaction receipts which included the

expiration date of a customer's primary account number of a debit card on their

receipt for the time frames at your specific location as follows:

<u>Start Date by location:</u>

| | |
|---|---|
| Six Flags over Georgia: | October 14, 2016 to September 28, 2017 |
| Six Flags over Texas: | February 25, 2017 to September 28, 2017 |
| Hurricane Harbor Arlington: | May 6, 2017 to September 28, 2017 |
| White Water Atlanta: | May 13, 2017 to September 28, 2017 |
| Six Flags Discovery Kingdom: | December 17, 2016 to September 28, 2017 |
| Six Flags Magic Mountain: | January 12, 2017 to September 28, 2017 |
| The Great Escape: | May 13, 2017 to September 28, 2017 |
| Hurricane Harbor Concord: | June 12, 2017 to September 28, 2017 |
| Six Flags Fiesta TX: | November 19, 2016 to September 28, 2017 |
| Six Flags Great Adventure: | April 1, 2017 (water park, May 20) to Sept. 28, 2017 |
| Six Flags Great America: | April 16, 2017 to September 28, 2017 |
| Six Flags New England: | April 8, 2017 to September 28, 2017 |
| Six Flags St Louis: | March 25, 2017 to September 28, 2017 |
| Six Flags America: | April 1, 2017 to September 28, 2017 |

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the expiration dates were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that some point-of-sale transaction receipts were printed at Six Flags Over Georgia from October 14, 2016 to September 28, 2017 and at White Water Atlanta from May 13, 2017 to September 28, 2017 that included the expiration dates.

15.    The total receipts printed which included the expiration date of a customer's primary account number of a debit or credit care for the time frames related above in Request 14 and your specific locations are as follows:

| | |
|---|---|
| Six Flags over Georgia: | 600,820 |
| Six Flags over Texas: | 442,039 |
| Hurricane Harbor Arlington: | 66,763 |
| White Water Atlanta: | 51,073 |
| Six Flags Discovery Kingdom: | 259,169 |
| Six Flags Magic Mountain: | 732,942 |
| The Great Escape: | 79,586 |
| Hurricane Harbor Concord: | 7,108 |
| Six Flags Fiesta TX: | 566,489 |
| Six Flags Great Adventure: | 393,068 |
| Six Flags Great America: | 313,656 |
| Six Flags New England: | 231,197 |
| Six Flags St Louis: | 202,484 |
| Six Flags America: | 94,716 |

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the expiration dates were only printed at parks operated by SFOG from October 14, 2016 to September

28, 2017. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that 600,820 point-of-sale transaction receipts were printed at Six Flags Over Georgia from October 14, 2016 to September 28, 2017, and that 51,073 point-of-sale transaction receipts were printed at White Water Atlanta from May 13, 2017 to September 28, 2017, which included the expiration dates.

16.    In many cases Defendant reprinted duplicate receipts that were not provided to the cardholders at the point of sale.

**RESPONSE**

Defendant objects to the request as vague and ambiguous as to "[i]n many cases." Defendant further objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as

to time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017.  Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Admit.

17.    As a result of the duplicate receipts reprinted by Defendant, the total number of receipts containing (a) the first six and last four card digits of the card and (b) the card's expiration date overstates the number of transactions by 10 to 25%.

**RESPONSE**

Defendant objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  Defendant also objects to this request as overbroad as to

time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Deny. No receipts were printed that contained the first six and last four digits of a credit or debit card number and the card expiration date. Defendant admits that the number of duplicate receipts that were reprinted by Defendant and included either the issuing institution number or expiration dates results in an overstated number of transactions of somewhere between 10 to 25%.

18.    Defendant's executives learned that it had printed and was continuing to print point- of-sale transaction receipts which included card's expiration date as a result of communication with legal counsel representing Plaintiff.

**RESPONSE**

Defendant objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,

137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the expiration dates were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:   Admit.

19.    Before July 20, 2017, Defendant knew of, was made aware of or was advised about FACTA.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "made aware of" or "was advised about." Defendant objects to this request as overbroad as to time period which is far beyond where receipts printed information were purportedly in violation of FACTA. Defendant objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California*,

*San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it knew that some information should be masked on credit or debit card receipts, including certain card number digits and the expiration date. Over time, Defendant has relied on and worked in concert with Omnico Group (including its predecessors in interest) on receipt formatting and printing issues.

20.     Before July 20, 2012, Defendant knew of, was made aware of or was advised about FACTA's prohibition against printing more than five (5) digits of a customer's primary account number of a debit or credit card on their receipts and/or the expiration date of a debit or credit card on a customer's point-of-sale transaction receipt.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "made aware of" or "was advised about." Defendant also objects that the request is vague and ambiguous as to "customer's primary account number." Defendant further objects to this request as overbroad as to time period which is far beyond where receipts

printed information were purportedly in violation of FACTA. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it knew at the times relevant to the alleged violations at issue that some information should be masked on credit or debit card receipts, including certain card number digits and the expiration date. Over time, Defendant has relied on and worked in concert with Omnico Group (including its predecessors in interest) on receipt formatting and printing issues.

21.     Since at least July 20, 2012, Defendant allowed their customers to pay

for services using VISA, Mastercard, Discover or American Express debit or credit

cards.

**RESPONSE**

Admit.

22.     Since at least July 20, 2012, VISA's agreements with Defendant

prohibited Defendant from printing customer point-of-sale transaction receipts that

contained more than five (5) digits of a customer's primary account number or the

expiration date of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's

primary account number." Defendant also objects to this request as improper to the

extent it seeks information about transactions that took place outside the State of

Georgia because SFOG does not operate outside of Georgia, and Six Flags

Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG

v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court

of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects

to this request as overbroad as to time because receipts including the first six and

last four digits of credit or debit card numbers (but not the expiration date) were only

printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and

receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant further objects to this request on the grounds that this request seeks information or materials that reflect confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Deny.  Defendant does not contract with VISA.

23.     Since at least July 20, 2012, Mastercard's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG*

*v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant further objects to this request on the grounds that this request seeks information or materials that reflect confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Deny. Defendant does not contract with Mastercard.

24.     Since at least July 20, 2012, Discover's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that

contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant further objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product,

work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Deny. Discover requires truncation according to applicable law, but does not define what is required.

25.    Since at least July 20, 2012, American Express's agreements with Defendant prohibited Defendant from printing customer point-of-sale transaction receipts that contained more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and

receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from October 14, 2016 to September 28, 2017. Defendant further objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Deny. American Express requires card number truncation according to applicable law but does not define what is required as to card number of digits. American Express does prohibit printing the card expiration date.

26. Since at least July 20, 2012, Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard, Discover and American Express provisions governing merchants who accept their cards.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard, Discover and American Express provisions

governing merchants who accept their cards." Defendant further objects to this request as overbroad as to time period which is far beyond where receipts printed information were purportedly in violation of FACTA. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflect confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it agrees to certain card brands' terms and conditions in order to accept customer payments using those card brands at parks operated by SFOG.

27.     Since at least July 20, 2012, Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard,

Discover and American Express rules prohibiting merchants who accept their cards from printing customer point-of-sale transaction receipts that contain more than five (5) digits or the expiration date of a customer's primary account number of a debit or credit card on their receipts.

**RESPONSE**

Defendant objects that the request is vague and ambiguous as to "Defendant has been a party to one or more contracts whose terms provide that Defendant will comply with VISA, MasterCard, Discover and American Express provisions governing merchants who accept their cards." Defendant objects that the request is vague and ambiguous as to "customer's primary account number." Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant also objects to this request as overbroad as to time because receipts including the first six and last four digits of credit or debit card numbers (but not the expiration date) were only printed at parks operated by SFOG from May 22, 2017 to August 12, 2017, and receipts including the expiration date (but not the first six digits) were only printed at parks operated by SFOG from

October 14, 2016 to September 28, 2017. Defendant further objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Admit.

28.    Since at July 20, 2012, Defendant has been aware of and followed PCI Data Security Standard (PCI DSS) requirements published by the Payment Card Industry Security Standards Council.

**RESPONSE**

Defendant objections that the request is vague and ambiguous as to "aware of and followed." Defendant further objects to this request as overbroad as to time period which is far beyond when receipts printed information that was purportedly in violation of FACTA. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court*

*of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it at all times seeks to comply with PCI Data Security Standard (PCI DSS) requirements published by the Payment Card Industry Security Standards Council. Defendant has consistently passed independent PCI DSS audits.

29.     You maintain business records of Your season passholders' names, mailing addresses, and email addresses.

**RESPONSE**

Defendant objects to this request is vague and/or overbroad as to the relevant time period. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary

business information.   Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that it requests season passholders' names, mailing addresses, and email addresses on the season passholders' registration forms.  There are instances where the season passholders' either do not fully complete the registration forms or choose not to provide all of their information, including email addresses, mailing addresses, or phone numbers.  Defendant does not validate information it receives from season passholders' registration forms.  Accordingly, information from season passholders' registration forms may be incomplete or otherwise inaccurate.

30.    You maintain business records of the dates on which Your season passholders attended Defendant's locations.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper

defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it maintains records of dates on which season passholders use their passes to attend Six Flags Over Georgia and White Water Atlanta theme parks, subject to the operability of systems used to track this information.

31.     You maintain business records of Your members' names, mailing addresses, and email addresses.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper

defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it requests members' names, mailing addresses, and email addresses on members' registration forms. There are instances where members either do not fully complete the registration forms or choose not to provide all of their information, including email addresses, mailing addresses, or phone numbers. Defendant does not validate information it receives from members' registration forms. Accordingly, information contained on members' registration forms may be incomplete or inaccurate.

32.    You maintain business records of the dates on which Your members attended Defendant's locations.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information.   Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that it maintains records of dates on which members use their membership cards to enter Six Flags Over Georgia and White Water Atlanta theme parks, subject to the operability of systems used to track this information.

33.     You maintain business records of the discounted purchases made by Your members at Defendant's locations.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information. Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it maintains records of Gold Plus, Platinum, Diamond and Diamond Elite Member spending and discounts at Six Flags Over Georgia and White Water Atlanta theme parks. These member tiers were created in 2018. Defendant does not maintain records of spending or discounts received by

season passholders or Gold or Regular members, or where no card is presented at the time of purchase.  Records are also limited to the extent that Defendant can only track spending and discounted purchases made by these certain members at Defendant owned venues and that use Defendant's point of sale equipment; Defendant does not track sales made by third-party concessionaires or lessees.

34.    You maintain business records of persons who purchased single day or multiple day tickets online for Defendant's locations.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary business information.  Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows: Defendant admits that it maintains records of persons who purchased single day or multiple day tickets from Defendant's website. However, Defendant does not know or have records of whether those who purchased tickets online were the same persons who actually visited Six Flags Over Georgia or White Water Atlanta theme parks. For example, there are instances where tickets purchased online are then resold by resellers or affiliates, or are otherwise purchased online by parents, friends, or group leaders on behalf of others. Defendant does not maintain information relating to persons who purchase their tickets at the parks.

35.     You maintain records of the dates persons who purchased online tickets attended Defendant's locations.

**RESPONSE**

Defendant objects to this request as vague and/or overbroad as to time. Defendant also objects to this request as improper to the extent it seeks information about transactions that took place outside the State of Georgia because SFOG does not operate outside of Georgia, and Six Flags Entertainment Corp. is not a proper defendant in this matter pursuant to *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017). Defendant objects to this request on the grounds that this request seeks information or materials that reflects confidential and proprietary

business information.   Defendant objects to this request to the extent it seeks information that constitutes or contains privileged attorney-client material, attorney-work product, work prepared for or in anticipation of litigation, or that are otherwise protected from disclosure on the basis of privilege.

Subject to, and without waiving the foregoing objections, Defendant responds as follows:  Defendant admits that it maintains records of dates that online tickets are used to enter Six Flags Over Georgia or White Water Atlanta theme parks. However, Defendant does not know or have records of whether those who purchased tickets online were the same persons who actually visited Six Flags Over Georgia or White Water Atlanta theme parks.  For example, there are instances where tickets purchased online are then resold by resellers or affiliates, or are otherwise purchased online by parents, friends, or group leaders on behalf of others.  Defendant does not maintain information relating to persons who purchase their tickets at the parks.

Dated:        July 19, 2019          Respectfully submitted,


Spencer Persson
spencer.persson@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street
Forty-First Floor
Los Angeles, CA  90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

Attorney for Defendant Six Flags Over
Georgia II, L.P., incorrectly served and
sued as Six Flags Entertainment Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties by Federal Express, as follows:

W. Allen McDonald
Lacy, Price & Wagner PC
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923

Christopher T. Cain
Scott & Cain
550 West Main Street, Suite 601
Knoxville, Tennessee 37902

This 19th day of July, 2019

Diana L. Cardenas

74541930.9