## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HERSCHEL K. BAILEY, IV,** | ) | |
| **individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | **No. 1:17-cv-03336-MHC-AJB** |
| | ) | |
| **Plaintiff,** | ) | Hon. Mark H. Cohen |
| | ) | |
| **v.** | ) | **CLASS ACTION** |
| | ) | |
| **SIX FLAGS ENTERTAINMENT CORP.,** | ) | Complaint Filed:    09/01/17 |
| **a Delaware Corporation,** | ) | Complaint Served:  09/29/17 |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO STRIKE ANSWER BY NON-PARTY SIX FLAGS OVER GEORGIA II, L.P. [DOC. 61] AND FOR <u>ORDER DEEMING REQUESTS FOR ADMISSION ADMITTED</u>**

Defendant Six Flags Over Georgia II, L.P. ("Defendant" or "SFOG"), erroneously served and sued as Six Flags Entertainment Corp. ("Six Flags"), by and through its undersigned counsel, Norton Rose Fulbright US LLP and Cohen Pollock Merlin Turner, P.C., hereby submits this memorandum of law in opposition to the Amended Motion to Strike Answer By Non-Party "Six Flags Over Georgia II, L.P. [Doc. 61] and for an Order Deeming Requests for Admission Admitted (the "Motion") filed by Plaintiff Herschel K. Bailey, IV ("Plaintiff").

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

PROCEDURAL HISTORY.....................................................................3

    I.    PLAINTIFF COMMENCES ACTION AND SIX FLAGS
          FILES PROCEDURAL MOTIONS ....................................3

    II.   SFOG FILES ITS ANSWER TO THE COMPLAINT AND
          TIMELY RESPONDS TO PLAINTIFF'S DISCOVERY
          REQUESTS................................................................................4

    III.  PLAINTIFF TAKES JURISDICTIONAL DISCOVERY, AND
          THEN FILES THE INSTANT MOTION WITHOUT
          CONFERRING OR REQUESTING A CONFERENCE WITH
          THE COURT .............................................................................6

ARGUMENT ..........................................................................................9

    I.    PLAINTIFF'S REQUEST TO STRIKE DEFENDANT'S
          ANSWER TO THE COMPLAINT SHOULD BE DENIED
          BECAUSE THE ANSWER WAS TIMELY FILED .........................9

          A.    SFOG Is The Proper Party In This Action................................9

          B.    SFOG Properly Preserved The Right To Have The
                Answer Deemed Asserted By Six Flags ..................................11

    II.   PLAINTIFF'S REQUESTS FOR ADMISSION SHOULD
          NOT BE DEEMED ADMITTED BECAUSE DEFENDANT
          TIMELY SERVED RESPONSES AND PLAINTIFF
          VIOLATED N.D. ......................................................................11

          A.    The Responses To The Requests For Admissions Were
                Timely Served .....................................................................12

          B.    Plaintiff's Motion Should Be Denied Because It Violates
                The Magistrate Judge's Scheduling Order and N.D ...............14

CONCLUSION .....................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*,
  137 S. Ct. 1773 (2017).............................................................................10

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..............................................................................10

*Display Sols., Inc. v. Daktronics, Inc.*,
  983 F. Supp. 1476 (N.D. Ga.), *vacated in part on other grounds*,
  178 F.R.D. 626 (N.D. Ga. 1997), *aff'd*, 185 F.3d 882 (Fed. Cir.
  1998) ..........................................................................................................15

*Garmley v. Cochran*,
  651 F. App'x 933 (11th Cir. 2016) ..................................................12

*Ramos v. Yokopor*,
  No. 17-23107-CIV, 2018 WL 5044256 (S.D. Fla. Jan. 4, 2018) ......................15

*Riberio v. Macy's Retail Holdings, Inc.*,
  310 F.R.D. 547 (N.D. Ga. 2015) ......................................................13

**Rules and Statutes**

Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g)(1) ............*passim*

Fed. R. Civ. P. 12(a)...............................................................................11

Fed. R. Civ. P. 26(c)..............................................................................14

Fed. R. Civ. P. 30(b)(6)............................................................................7

Fed. R. Civ. P. 37 ..................................................................................14

N.D. Ga. R. 37.1(A) .................................................................3, 11, 12, 14

## INTRODUCTION

Plaintiff brings this Motion to attempt to beat Six Flags and SFOG to the punch in placing before the Court the parties' dispute over the proper defendant in this action. Although Plaintiff has served and sued Six Flags, Six Flags is not subject to jurisdiction in this District because it does no business in the State of Georgia. Rather, Six Flags' subsidiary, SFOG, is the proper defendant because it is the entity that operates Six Flags Over Georgia—the park where Plaintiff claims he received printed receipts in violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681c(g)(1).

Following the Court's denial of Six Flags' motion to dismiss under Article III, and once this action was substantively before the Court, SFOG, reasonably believing Plaintiff intended to serve and sue an entity that was subject to personal jurisdiction in Georgia, served an Answer to Plaintiff's Complaint, along with responses to Plaintiff's discovery requests. Plaintiff objected in follow-up correspondence and telephone conversations, and SFOG and Six Flags agreed to provide depositions on jurisdictional issues before the matter would be presented to the Court.

SFOG and Six Flags proposed to file the jurisdictional motion on or before

September 13, after the depositions were completed and the transcripts could be prepared. However, the day after the completion of those depositions, on August 16, Plaintiff unilaterally—and without meeting and conferring with SFOG or requesting a conference with the Court—filed the instant Motion, seeking to strike the Answer and deem Plaintiff's Requests for Admission admitted, even though SFOG timely served an Answer and Responses to the Requests for Admission.

Such extraordinary relief should be denied. As detailed in the Motion for Partial Summary Judgment Regarding Personal Jurisdiction, filed concurrently by Six Flags, SFOG is the proper party in this action, and thus, it was proper for SFOG to respond to Plaintiff's Complaint and discovery requests. With respect to the Answer, SFOG expressly stated in the preamble that, to the extent Plaintiff did intend to sue Six Flags, the Answer should be deemed as being asserted by Six Flags.

Similarly, the Responses to the Requests for Admission again put Plaintiff on notice that SFOG was responding to the Requests for Admission because SFOG was the only entity properly before this Court. SFOG in good faith provided substantive responses to the thirty-five separate requests propounded by Plaintiff and ensured its responses and objections distinguished between SFOG and Six Flags where such a distinction was called for. To the extent Plaintiff objected to

SFOG's responses, Plaintiff could have sought a conference with the Court and moved to compel, as opposed to seeking the extraordinary relief of deeming the requests admitted, for which there is no basis.

But not only is Plaintiff's motion baseless, it also violates the duty to meet and confer and to request a conference with the Court prior to filing a discovery motion under the Magistrate Judge's Scheduling Order and N.D. Ga. R. 37.1(A). Accordingly, it should be denied for that reason as well.

For the foregoing reasons and as more fully demonstrated below, Plaintiffs' motion to strike the Answer and for an order to deem the Requests for Admission admitted should be denied.  Alternatively, and to the extent the Court deems Six Flags to be the proper party to this action after consideration of these papers and the concurrently filed motion for partial summary judgment, Six Flags respectfully requests that it be given leave to amend its Answer to the Complaint and Responses to the Requests for Admission where necessary.

## **PROCEDURAL HISTORY**

## I.  **PLAINTIFF COMMENCES ACTION AND SIX FLAGS FILES PROCEDURAL MOTIONS**

On September 1, 2017, Plaintiff commenced this action, and on December 20, 2017, Six Flags moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim.  (Dkt. Nos. 1, 14.)  On July 17,

2018, the Court denied without prejudice Six Flags' motion and administratively closed this action pending resolution of the appeal in *Price v. Godiva Chocolatier, Inc.,* App. No. 16-16486, then pending before the Eleventh Circuit.  (Dkt. Nos. 28, 32.)  Following the Eleventh Circuit's resolution of the appeal in *Godiva*, this Court reopened this action by Order dated October 9, 2018.  (Dkt. No. 38.)  Six Flags subsequently moved to dismiss the Complaint on October 30, 2018, which the Court denied on May 6, 2019.[1]  (Dkt. Nos. 39, 60.)

## II.   SFOG FILES ITS ANSWER TO THE COMPLAINT AND TIMELY RESPONDS TO PLAINTIFF'S DISCOVERY REQUESTS

With the action substantively before the Court following the break of the Eleventh Circuit with every other Circuit to address Article III standing in FACTA matters, on May 20, 2019, SFOG filed its Answer to the Complaint and

---

[1] For a more detailed recitation of the procedural history of this action, SFOG respectfully refers the Court to and incorporates by reference the Procedural History set forth in the Motion for Partial Summary Judgment Regarding Personal Jurisdiction (the "Personal Jurisdiction Motion"), which is being filed concurrently by Six Flags.  (Dkt. No. 80-1.)  The Personal Jurisdiction Motion goes into greater detail with respect to the other pending matters, attempts to consolidate or coordinate those matters, the circuit split created by the Eleventh Circuit relating to Article III standing in FACTA matters, and the delays in this case attributable thereto.

Affirmative Defenses (the "Answer").[2]   (Dkt. No. 61.)   In the Preliminary Statement of its Answer, SFOG explained it was erroneously served and sued as Six Flags, that the Court was dealing with a misnomer, and noted it was responding to Plaintiff's Complaint on the assumption that Plaintiff intended to sue SFOG because Six Flags does not do business in the State of Georgia:

> Plaintiff has served and sued Six Flags, but Six Flags does not do business in the State of Georgia, and therefore, is not subject to jurisdiction in this District.  Plaintiff's Complaint refers to purchases made at Six Flags Over Georgia, which is operated by SFOG.  Therefore, we are responding to Plaintiff's Complaint on the assumption that Plaintiff intended to serve and sue SFOG and believe the Court is dealing with a misnomer.

(*Id.* at 2 (emphasis added).)

Out of an abundance of caution, SFOG also asked the Court to deem the Answer as being asserted by Six Flags should the Court determine that Six Flags *was* subject to personal jurisdiction in Georgia:

> Based upon that assumption, we hereby respond to Plaintiff's Complaint as if SFOG had been correctly named.  ***To the extent Plaintiff did intend to sue Six Flags despite it not being subject to jurisdiction in this District, this Court should deem this Answer and Affirmative Defenses as being asserted by Six Flags until such time as the jurisdictional issues are brought fully before the Court.***  Six Flags likewise denies any and all alleged wrongdoing or violation of FACTA.

_____

[2] A motion for rehearing *en banc* is still pending before the Eleventh Circuit in *Godiva*, along with Six Flags' amicus brief in support.  *See Price v. Godiva Chocolatier, Inc., et al.*, 16-16486.  (Dkt. No. 80-4, Ex. 15.)

(*Id.* (emphasis added).)

In addition, for its Third Affirmative Defense, SFOG asserted a defense based on Six Flags' lack of personal jurisdiction, stating, "Plaintiff has erroneously served and sued the incorrect entity because only SFOG is subject to jurisdiction in this District." (*Id.* at 19.)

Similarly, in its subsequent Responses to Plaintiff's Requests for Admission, which were timely served, SFOG again reiterated in the Preliminary Statement that, *inter alia*, "SFOG is responding to Plaintiff's First Set of Requests for Admissions on the assumption that Plaintiff intended to sue SFOG, and wrongly named Six Flags Entertainment Corp." (Dkt. No. 80-4, Ex. 14.) SFOG's objections also included a specific personal jurisdiction objection any time the request implicated more than the parks operated by SFOG. (*Id.*)

## III. PLAINTIFF TAKES JURISDICTIONAL DISCOVERY, AND THEN FILES THE INSTANT MOTION WITHOUT CONFERRING OR REQUESTING A CONFERENCE WITH THE COURT

Shortly after SFOG filed its Answer, on May 22, 2019, counsel for Plaintiff contacted counsel for SFOG and Six Flags to request depositions from the two entities in connection with jurisdictional discovery. (Dkt. No. 80-4 ¶ 9, Ex. 1.) SFOG agreed to discuss the matter even though discovery would not open until June 19, 2019. (*Id.*) SFOG also agreed to deem Plaintiff's previously and

prematurely served discovery as served on June 19, 2019.   (*Id.*)   The parties met and conferred on May 29, 2019, with Plaintiff requesting dates for a Federal Rule of Civil Procedure 30(b)(6) deposition from Six Flags.   (*Id.* ¶ 10, Ex. 2.)

On June 12, 2019, SFOG contacted Plaintiff to determine whether specific topics for the depositions would be forthcoming and to also propose that the depositions occur on one of August 13 to 16, 2019, assuming the topics were as expected.   (*Id.* ¶ 11, Ex. 3.)   On June 13, 2019, Plaintiff responded, requesting two depositions:   (1) a 30(b)(6) of SFOG; and (2) a 30(b)(6) of Six Flags.   (*Id.*)   On June 24, 2019, two notices were served on SFOG and Six Flags (Dkt. Nos. 63-64), and on July 1, 2019, counsel for SFOG and Six Flags agreed to accept Plaintiff's service of 30(b)(6) subpoenas directed to the two entities.   (*Id.* ¶ 12, Ex. 4.)

From July 3 through July 12, 2019, counsel for the parties met and conferred on the deposition topics.   (*Id.* ¶¶ 12-14, Exs. 5-7.)   Thereafter, SFOG and Six Flags identified three witnesses—one to testify on behalf of SFOG and two to testify relating to the topics in the Six Flags' notice—and served objections and designations pertaining to the notices on July 22, 2019.   (*Id.* ¶ 15; Dkt. Nos. 70-71.)   Again, in those documents, SFOG and Six Flags noted and objected that Six Flags had been incorrectly named and that SFOG was the proper party.   (Dkt. No. 70 at p. 1; Dkt. No. 71 at p. 2.)

On July 25, 2019, SFOG and Six Flags confirmed August 14 to 16, 2019, as the dates for the depositions.  (Dkt. No. 80-4 ¶ 16.)  On July 30, 2019, Plaintiff's counsel informed SFOG and Six Flags that the depositions could all be completed on August 14 and 15, 2019 in Atlanta, Georgia, and they did, in fact, occur on those dates.  (*Id.* ¶ 16, Ex. 8.)

During this time following the filing of the Answer, the parties also met and conferred on at least two occasions relating to the best manner to present the personal jurisdiction issue to the Court.  (*Id.* ¶ 17.)  Six Flags agreed to file a motion.  (*Id.*)  In light of the deposition schedule and the time required to finalize the deposition transcripts, SFOG proposed filing a motion by September 13, 2019, which Plaintiff claimed was "too far out."  (*Id.* ¶ 17, Ex. 9.)  The parties did not revisit the discussion and moved forward with the depositions on August 14 and 15.  (*Id.*)

On August 16, 2019, one day following the 30(b)(6) depositions and prior to meeting and conferring with SFOG, Plaintiff's counsel sent SFOG's counsel an email stating that Plaintiff would be filing a motion to place the jurisdictional question before the Court.  (*Id.* ¶ 18, Ex. 10.)  The specific relief sought regarding striking the Answer and deeming the Requests for Admission as admitted had never before been discussed, despite lengthy discussions on other procedural

matters between counsel at the depositions.  (*Id.*)  That same day, Plaintiff filed the Motion, which is the subject of SFOG's instant opposition.  (Dkt. No. 78.)

## ARGUMENT

I.  **PLAINTIFF'S REQUEST TO STRIKE DEFENDANT'S ANSWER TO THE COMPLAINT SHOULD BE DENIED BECAUSE THE ANSWER WAS TIMELY FILED**

The Answer filed by SFOG should not be stricken for two reasons: (1) SFOG is the proper party; and (2) even if SFOG were not the proper party, the Answer, which was timely filed, expressly states that the Court should deem the responses and affirmative defenses as being asserted by Six Flags should the Court determine that Six Flags is the appropriate party.

### A.  **SFOG Is The Proper Party In This Action**

SFOG filed the Answer to the Complaint because SFOG was erroneously served and sued as Six Flags.  As more fully set forth in the Personal Jurisdiction Motion filed by Six Flags, Six Flags is a Delaware corporation with a principal place of business located in Grand Prairie, Texas and does not conduct business in the State of Georgia.  (Dkt. No. 81 ¶ 3.)  In addition, Six Flags does not have any offices, bank accounts, mailboxes, telephone listings, or employees in the State of Georgia.  (*Id.*)  Nor does Six Flags maintain any records in the State of Georgia.  (*Id.*)

Moreover, in his Complaint, Plaintiff contends he received a receipt from **Six Flags Over Georgia** in violation of FACTA. (Dkt. No. 1 ¶¶ 46-48.) Thus, the purported FACTA violation arises out of SFOG's activities, not those of Six Flags. Six Flags does not control Six Flags Over Georgia; rather, SFOG, which is a subsidiary of Six Flags, autonomously handles the day-to-day operations of that park, including staffing, employment, maintenance, and customer support, and important strategic decision-making. (Dkt. No. 81 ¶¶ 4-5; Dkt. No. 80-5 ¶¶ 3-4.)

Accordingly, Six Flags is not the proper defendant in this action and SFOG properly filed the Answer believing that Plaintiff intended to sue SFOG, which does conduct business and is subject to personal jurisdiction in Georgia. *See, e.g., Daimler AG v. Bauman*, 571 U.S. 117,  136 (2014) (explaining court could not exercise general personal jurisdiction over the parent company even if the subsidiary's contacts with California were "imputable" to the parent); *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780-82 (2017) (noting that "for a state court to exercise specific jurisdiction, the suit  must aris[e] out of or relat[e] to the defendant's contacts with the forum" and holding court lacked specific jurisdiction over non-resident defendant for claims related to defendant's out-of-state activities with respect to out-of-state plaintiffs) (alterations in original) (citations omitted).

### B.    SFOG Properly Preserved The Right To Have The Answer Deemed Asserted By Six Flags

In arguing the Complaint was "not timely answered" and that the Answer is "a nullity," Plaintiff conveniently ignores the language asserted by SFOG in the Preliminary Statement of the Answer, which was properly filed within the time allotted under Rule 12(a).  (Dkt. No. 78 ¶¶ 4, 6.)  SFOG clearly asserted:  "To the extent Plaintiff did intend to sue Six Flags despite it not being subject to jurisdiction in this District, *this Court should deem this Answer and Affirmative Defenses as being asserted by Six Flags* until such time as the jurisdictional issues are brought fully before the Court."  (Dkt. No. 61 at 2 (emphasis added).)  This language provided Plaintiff with ample notice that Six Flags generally adopted the responses and defenses asserted in the Answer filed by SFOG.  Accordingly, Plaintiff's request to strike the Answer should be denied.

In the alternative, to the extent the Court deems Six Flags to be the proper party to this action, SFOG respectfully requests that Six Flags be given leave to amend the Answer.

### II.    PLAINTIFF'S REQUESTS FOR ADMISSION SHOULD NOT BE DEEMED ADMITTED BECAUSE DEFENDANT TIMELY SERVED RESPONSES AND PLAINTIFF VIOLATED N.D. GA. R. 37.1(A)

Plaintiff's motion to deem the Requests for Admissions should be denied for the following reasons:  (1) SFOG timely served substantive Responses to the

Requests for Admission; and (2) Plaintiff violated the duty to meet and confer prior to bringing his discovery motion, in direct contravention of the Magistrate Judge's Scheduling Order and N.D. Ga. R. 37.1(A).

### A.   The Responses To The Requests For Admissions Were Timely Served

The Court should deny Plaintiff's extraordinary request for relief to deem each of the thirty-five separate requests contained in the Requests for Admission admitted.   Similar to the Answer, SFOG's Responses to the Requests for Admission—which SFOG served after it filed its Answer to the Complaint and apprised Plaintiff that Six Flags was not the proper party—also included a Preliminary Statement in which SFOG put Plaintiff on notice that SFOG was responding to the Requests for Admission on the assumption that Plaintiff intended to sue SFOG.   (Dkt. No. 80-4, Ex. 14 at p. 1.)   Moreover, where a Request for Admission called for a response differentiating between the two entities, SFOG made objections and distinguished the two entities as appropriate.   (*Id.*)

This is ***not*** a case where SFOG or Six Flags, without reasonable excuse, failed to serve ***any*** response to requests for admission or, upon deeming the requests admitted, failed to move to withdraw the admission.   *Cf. Garmley v. Cochran*, 651 F. App'x 933, 936 (11th Cir. 2016) (finding district court did not abuse its discretion in deeming requests for admission admitted where responding

party neither responded to the requests nor subsequently moved the district court to withdraw the admissions upon being deemed admitted). SFOG timely filed Responses to the Requests for Admission; provided in good faith substantive responses to each of the thirty-five separate requests; and ensured its responses and objections distinguished between SFOG and Six Flags where such a distinction was called for. SFOG has also produced 64,482 pages of documents in this case, producing non-privileged, non-work product, responsive documents that are within its custody or control. Plainly, SFOG has not used the personal jurisdiction question to stonewall Plaintiff in discovery or to cause unreasonable delay such that the extraordinary relief requested by Plaintiff could be countenanced.

Even assuming SFOG's Responses to the Requests for Admission, which were timely served, are deemed insufficient, that is not a basis to deem the requests admitted. In *Riberio v. Macy's Retail Holdings, Inc.*, 310 F.R.D. 547 (N.D. Ga. 2015), the Northern District of Georgia agreed with defendant that plaintiff's responses to requests for admission were insufficient. *Id.* at 548. Despite this finding, "the Court decline[d] to deem all so-answered requests for admission as admitted by Plaintiff" because it found plaintiff's explanation for the insufficient responses to be reasonable. *Id.* There is no reason why the instant case compels a different outcome.

To the extent the Court ultimately deems Six Flags to be the proper party to this action, SFOG respectfully requests that Six Flags be given leave to amend the Responses to the Requests for Admission.

**B.**  **Plaintiff's Motion Should Be Denied Because It Violates The Magistrate Judge's Scheduling Order and N.D. GA. R. 37.1(A)**

Plaintiff's motion should also be denied because Plaintiff violated the duty to meet and confer with SFOG prior to filing his discovery motion to deem the Requests for Admission admitted.  Pursuant to the Magistrate Judge's Scheduling Order, entered on January 30, 2018, prior to bringing any discovery motion, parties must meet and confer and, if unable to reach a resolution, must request a conference with the Court:

> Counsel are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.  *See* Fed. R. Civ. P. 26(c) and 37; N.D. Ga. R. 37.1(A).  ***The duty to confer is NOT satisfied by sending a written document, such as a letter, e-mail or fax, to the adversary***, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's courtroom deputy.  If the differences cannot be resolved during the conference with the Court, the Court will direct further proceedings.  ***Motions to compel or for a protective order to prevent discovery, or for any related matters pertaining to discovery, should ordinarily not be filed without a prior conference with the Court.***

(Dkt. No. 19 (emphasis added).)

In violation of Magistrate Judge Baverman's rules, Plaintiff neither met and conferred with SFOG nor requested a conference with the Court prior to filing the Motion.  (Dkt. No. 80-4 ¶ 18.)  Plaintiff provided no indication that he would be filing the Motion or seeking the relief requested therein until the day after the depositions, when Plaintiff's counsel notified SFOG's counsel by email (which Magistrate Judge Baverman clearly instructs does ***not*** satisfy the duty to confer) that he would be filing the Motion that very same day.  (*Id.* ¶ 18, Ex. 10.)  Indeed, even counsel's email did not articulate the relief that would be sought.  (*Id.*)

Failure to comply with discovery rules warrants denial of Plaintiff's motion to deem the Responses to the Requests for Admission admitted.  *See, e.g., Display Sols., Inc. v. Daktronics, Inc.*, 983 F. Supp. 1476, 1478 (N.D. Ga.), *vacated in part on other grounds*, 178 F.R.D. 626 (N.D. Ga. 1997), *aff'd*, 185 F.3d 882 (Fed. Cir. 1998) (denying plaintiff's motion to compel defendants to respond to requests for admission where plaintiff failed to include "a statement certifying that it has in good faith conferred with the [d]efendants regarding the discovery dispute"); *see also Ramos v. Yokopor*, No. 17-23107-CIV, 2018 WL 5044256, at *1 (S.D. Fla. Jan. 4, 2018) ("The Undersigned strikes the motion based on the following three reasons[] . . . . Second, the Undersigned's Discovery Procedures Order does not permit parties to file written discovery motions.  Plaintiff's motion to deem

requests for admissions admitted is a discovery motion.  As such, absent prior permission from me, the Discovery Procedures Order expressly prohibited Plaintiff's filing.").

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion to strike the Answer filed by Defendant and for an Order deeming the Requests for Admissions admitted.

Dated: August 30, 2019

By: /s/ Spencer Persson
    SPENCER PERSSON

**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
spencer.persson@nortonrosefulbright.com

Gerald B. Kline
Georgia Bar No. 425175
**COHEN POLLOCK MERLIN TURNER, P.C.**
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
Telephone:  (770) 858-1288
Facsimile:   (770) 858-1277
gkline@cpmtlaw.com

*Attorneys for Defendant Six Flags Over Georgia, Inc., incorrectly served and sued as Six Flags Entertainment Corp., and Six Flags Entertainment Corp.*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this pleading complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia.  Counsel hereby states that this pleading has been typed in Times New Roman 14 point.

This 30th day of August, 2019.

Dated: August 30, 2019

By: <u>/s/ Spencer Persson</u>
      SPENCER PERSSON

**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:   (213) 892-9494
spencer.persson@nortonrosefulbright.com

Gerald B. Kline
Georgia Bar No. 425175
**COHEN POLLOCK MERLIN TURNER, P.C.**
3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
Telephone:   (770) 858-1288
Facsimile:    (770) 858-1277
gkline@cpmtlaw.com

*Attorneys for Defendant Six Flags Over Georgia, Inc., incorrectly served and sued as Six Flags Entertainment Corp., and Six Flags Entertainment Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 30, 2019, I served the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO STRIKE ANSWER BY NON-PARTY "SIX FLAGS OVER GEORGIA II, L.P. [DOC. 61] AND FOR ORDER DEEMING REQUESTS FOR ADMISSION ADMITTED** with the Court using the CM/ECF system which will send notification of such filing to the following:

Cindy Wagner
W. Allen McDonald (admitted Pro Hac Vice)
Michael R. Franz (admitted Pro Hac Vice)
LACY, PRICE & WAGNER, P.C.
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923
Telephone: (865) 246-0800

Christopher T. Cain (admitted Pro Hac Vice)
SCOTT & CAIN
550 West Main Street, Suite 601
Knoxville, Tennessee 27902
Telephone: (865) 525-2150

*Attorneys for Plaintiff Herschel K. Bailey, IV*

This 30th day of August, 2019.

By: __/s/ Spencer Persson_____
        Spencer Persson
        Admitted Pro Hac Vice
        Counsel for Defendant