IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERSCHEL K. BAILEY, IV, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., a Delaware Corporation,<br><br>Defendant. | NO. 1:17-cv-03336-MHC-AJB<br><br>Hon. Mark H. Cohen<br><br>CLASS ACTION |

_____

**PLAINTIFF'S REPLY IN SUPPORT OF AMENDED MOTION TO STRIKE ANSWER BY NON-PARTY "SIX FLAGS OVER GEORGIA, II, L.P." [Doc. 62] AND FOR ORDER DEEMING REQUESTS FOR ADMISSIONS ADMITTED**
_____

Plaintiff, Herschel K. Bailey, IV ("Plaintiff"), pursuant to LR 7.1(c), NDGa, respectfully submits this Reply to the "Memorandum of Law in Opposition to Plaintiff's Amended Motion to Strike Answer by Non-Party Six Flags over Georgia II, L.P. [Doc. 61] and for Order Deeming Requests for Admissions Admitted" [Doc. 82], filed by Six Flags Entertainment Corp. ("SFEC") on behalf of non-party, Six Flags over Georgia II, L.P. ("SFOG").

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Plaintiff Named SFEC, not SFOG, as a Defendant; Accordingly, SFOG's Answer Should Be Stricken . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1. As master of his Complaint, Plaintiff had the right to choose which persons or corporations to name as defendants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2. As a non-party, SFOG may not "preserve" or protect the rights of SFEC. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B. Plaintiff's Requests for Admission Should Be Deemed Admitted as SFEC Has Failed to Respond. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        1. SFEC made a conscious choice not to respond to Plaintiff's Requests for Admissions, and must bear the consequences . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        2. SFEC's Response reveals that any attempt to confer regarding SFEC's default in answering Plaintiff's Requests for Admissions would have been futile . . . . . . . . . . . 10

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## I. INTRODUCTION

Far from trying to beat Defendant SFEC and non-party SFOG "to the punch" about the jurisdictional issue posed by their procedural posturing, Plaintiff has become increasingly frustrated by the ornate gamesmanship they have been playing, more than two years after Plaintiff commenced this action. SFEC's attorneys continue to file and serve documents purporting to unilaterally substitute SFOG as the named Defendant, without leave of Court.

Plaintiff sued SFEC, not SFOG. Whether or not he eventually succeeds in holding SFEC liable under FACTA, it is SFEC, not SFOG, who must answer Plaintiff's (1) Complaint under Fed. R. Civ. P. 8(b), (2) discovery requests under Fed. R. Civ. P. 36, and (3) motion to strike under Fed. R. Civ. P. 12(f). This relief is, by no means, "extraordinary," as SFOG suggests.

Accordingly, Plaintiff moved the Court to strike the Answer filed by SFOG and to deem his Requests for Admissions admitted, as they have not been answered by the Defendant, SFEC. [Doc. 61]. Responding, SFOG argues that the Answer was timely, that SFOG "properly preserved the right to have the Answer deemed asserted by Six Flags," that the responses to Plaintiff's Requests for Admissions were timely, and that Plaintiff's motion violated the Magistrate

Judge's Scheduling Order and should be denied because Plaintiff's attorneys failed to confer with opposing counsel before filing the motion.

These arguments – advanced by the law firms representing SFEC on behalf of SFOG – are incredibly unconvincing. For nineteen (19) months – from October 20, 2017 [Doc. 9] to May 20, 2019 [Doc. 61], SFEC defended this action, expressing no qualms with having been named a Defendant here instead of SFOG, and litigating not one, but two motions to dismiss [Docs. 14, 28, 39, 60]. It was only after Plaintiff succeeded in defeating SFEC's second motion to dismiss [Doc. 60] that SFEC's attorneys began to informally insinuate SFOG into this case: first, by unilaterally attempting to substitute SFOG as the Defendant by filing an "Answer" on SFOG's behalf [Doc. 61], and second, by responding on behalf of SFOG to discovery directed to SFEC.

Since May 2019, Plaintiff's counsel have patiently awaited receipt of some legal authority from SFEC's attorneys which might conceivably permit SFOG to unilaterally substitute itself as a Defendant in this case for SFEC, to no avail. Whether it wants to be or not, or whether it thinks it was or not, mistakenly or otherwise, SFOG was not sued by Plaintiff [Doc. 1]. Nor was SFOG issued a summons by the District Court Clerk or served by Plaintiff with such a

summons. [Docs. 2, 8]. For all of this, the Court need look no further than the face of Plaintiff's Complaint and the docket to decide the issues presented by Plaintiff's motion [Doc. 78] and grant it.

*First*, as to SFOG's suggestion that the Answer [Doc. 61] was "timely filed" [Doc. 82, at 12], it misses the point. The point is that, as master of his complaint, Plaintiff had the right to choose whom to name as a defendant. He chose to name SFEC, and not SFOG. As Plaintiff demonstrates, courts rightly reject attempts to unilaterally substitute non-parties for named defendants. Accordingly, the Court should strike the Answer, as it purports to be one for SFOG, a non-party.

*Second*, to the extent SFOG argues that it has "preserved the right to have the Answer deemed asserted by Six Flags," SFOG is not a party here, has not made a proper request to become one, and thus, has no "rights" to preserve here.

*Third*, as to SFOG's argument that it timely served responses to Plaintiff's Requests for Admissions [Doc. 82, at 5], Plaintiff did not propound or serve those Requests for Admissions on SFOG (nor would Rule 36 have permitted him to do so). Rather, the requests were served upon SFEC, who has, of its own volition, chosen to neither respond to nor object to the requests.

*Fourth*, as to SFOG's argument that Plaintiff did not follow procedures outlined in the Magistrate Judge's scheduling order or the Local Rules, no such requirement exists with regard to Plaintiff's motion to strike the Answer [Doc.

61]. As for the other relief, SFOG concedes that Plaintiff objected to its position that SFOG is the proper entity to be sued, and Plaintiff's attorneys simply believed that conferring with them about the issue again would have been futile.

For the reasons set forth herein, the Answer should be stricken and the Plaintiff's Requests for Admissions should be deemed admitted.

## II. ARGUMENT

### A. Plaintiff Named SFEC, not SFOG, as a Defendant; Accordingly, SFOG's Answer Should Be Stricken.

#### 1. As master of his Complaint, Plaintiff had the right to choose which persons or corporations to name as defendants.

Through their recently filed "Memorandum of Law in Opposition to Plaintiff's Amended Motion to Strike Answer by Non-Party Six Flags over Georgia II, L.P. [Doc. 61] and for Order Deeming Requests for Admissions Admitted" [Doc. 82], SFEC's attorneys have once again taken the liberty of improperly – and unlawfully – insinuating SFOG into the case. Although their brief purports to have been "submitted" by SFOG, SFOG is not a named Defendant.[1] Nor has SFOG been added to the case by either existing party or otherwise via an appropriate procedural vehicle, *e.g.*, a motion under Fed. R. Civ.

---

[1] It is altogether improper for SFEC to file documents purporting to represent the interests of SFOG. After all, "a litigant must assert his or her own legal rights and interests." *Powers v. Ohio*, 499 U.S. 400, 410 (1991).

-4-

P. 14, 15, 19, or 20. And SFOG has not filed a motion seeking to intervene here to protect any legal interests it might have, under Fed. R. Civ. P. 24.

Despite these record facts, SFEC's attorneys continue to improperly "submit" documents in this case as if SFOG is a party and to improperly describe SFOG as a "defendant,"[2] although it unmistakably is not, *see, e.g.,* Doc. 82, at 1 ("Defendant Six Flags Over Georgia II, L.P. . . . hereby submits this memorandum").

Citing no authority to support their apparent belief that they can unilaterally change the identity of the named defendant, answer the Complaint, respond to discovery, and respond to motions in the name of a defendant not named by Plaintiff, SFEC and its attorneys, along with SFOG – who has no right to offer a response or file any document – brazenly argue that SFOG "is the proper party in this action, and thus, it was proper for SFOG to respond to Plaintiff's Complaint and discovery requests." [Doc. 82, at 4-5].

Above all, the gamesmanship being played by SFEC, its attorneys, and SFOG amounts to a blatantly improper attempt to substitute parties. Plaintiff, as "master of his complaint," had the right to choose which persons or

---

[2]The docket lists no attorneys as appearing for SFOG [Doc. 11]. Therefore, each of the documents filed in this action purporting to indicate that SFOG is the "correct" Defendant, *see e.g.*, Docs. 61 and 82, are designated as having been electronically "filed" by SFEC, and not SFOG.

corporations to name as defendants. *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 498 F. App'x 98, 102 (2d Cir. 2012) (summary order); *see Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[A]s we have long recognized, plaintiffs are 'the master of the complaint'"). In other words, SFEC, its attorneys, and SFOG do not get to decide between them who will participate in this lawsuit. As master of his complaint, Plaintiff made that decision for them.

Efforts such as these – to unilaterally substitute non-parties for named defendants – simply have no legal basis. Not surprisingly, courts rightly reject such attempts as these to unilaterally substitute a non-party for a named defendant. To illustrate, in *Taylor v. JPMorgan Chase Cal. Corp.*, No. CV 13-212, 2013 U.S. Dist. LEXIS 9794 (C.D. Cal. Jan. 23, 2013), the court observed:

> This case was removed from state court on January 11, 2013 by "JPMorgan Chase Bank, N.A. erroneously sued as JPMorgan Chase California Corporation." Apparently, defense counsel believes that it can unilaterally substitute a different party for the named defendant. This is not a situation where a plaintiff misspelled the name of an entity or identified an entity as a corporation when it is an LLC. There appear to be two distinct entities: JPMorgan Chase California Corporation, which Plaintiff sued, and JPMorgan Chase Bank, N.A. which she did not. Those two entities do not get to decide between them who will participate in the lawsuit.

*Taylor*, at *1.[3]

In another recent action, the Central District of California remarked that it was "puzzled" as to why a non-party (St. Jude Cardiology) had answered the complaint "when it was not named as a defendant in the action." *Real v. St. Jude Med., Inc.*, No. 2:16-cv-09632, 2017 U.S. Dist. LEXIS 47081 (C.D. Cal. Mar. 29, 2017). The court acknowledged being unaware "of any authority that permits St. Jude Cardiology to unilaterally substitute itself as the defendant in place of another separate and distinct legal entity," further reasoning that:

---

[3]Similarly, in *Martin v. RCSH Operations, Inc.*, No. CV 12-7498, 2012 U.S. Dist. LEXIS 128673 (C.D. Cal. Sep. 10, 2012), the court concluded:

> This case was removed from state court on August 31, 2012 by "RCSH Management, Inc., incorrectly sued as RCSH Operations, Inc." Apparently, defense counsel believes that it can unilaterally substitute a different party for the named defendant. This is not a situation where a plaintiff misspelled the name of an entity or identified an entity as a corporation when it is an LLC. There are admittedly two distinct entities: RCSH Operations, Inc., which Plaintiff sued, and RCSH Management, Inc., which he did not. Those two entities do not get to decide between them who will participate in the lawsuit.

*Martin*, at *1; *and see Ashcroft v. HEC Glob., Inc.*, No. 8:17-cv-01996, 2018 U.S. Dist. LEXIS 13537, *3-4 (C.D. Cal. Jan. 25, 2018)("HEC has alleged no authority supporting its position that it can unilaterally substitute a different defendant for the one named in the complaint").

> [i]f Plaintiff insists on pursuing an action against an entity that ultimately has no liability for the underlying conduct, it is Plaintiff that runs the risk of losing his case. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (affirming summary judgment where plaintiff erroneously sued "Mammoth Recreations, Inc." instead of "Mammoth Mountain Ski Area, Inc.").

*Real,* at *1.

All of this manipulation and posturing by SFEC and its attorneys to informally insinuate SFOG into the case also directly contradicts statements they made in a Joint Report to the Court on January 30, 2018. In that report, SFEC agreed that no party had been improperly named, that the only potential necessary parties to be joined as Defendants were subsidiaries of SFEC (but only if related cases in California, Illinois, and New Jersey were transferred to and consolidated in this district), and that the only question regarding the Court's jurisdiction involved whether Plaintiff had Article III standing. [Doc. 18, at 3-4].[4]

Again citing no authority, SFOG also suggests that language provided in its Answer gave Plaintiff "ample notice" that SFEC "generally adopted the responses and defenses asserted in the Answer filed by SFOG." [Doc. 82. at 14].

---

[4]This gamesmanship was – and is – unnecessary. If SFEC believed it had been improperly sued and that this Court or Georgia lacked personal jurisdiction over it, SFEC could have moved to dismiss the Complaint on those grounds in September 2017. But it did not. Instead, it informed the Court – and Plaintiff's attorneys – that the only jurisdictional issue was whether Plaintiff had Article III standing. [Doc. 18, at 4-5].

Of course, this is not the type of responsive pleading envisioned by Fed. R. Civ. P. 8(b). Rather, a party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).

Finally, what it all boils down to is that nearly four months after the deadline for answering the Complaint, SFEC, the only Defendant, has still not answered the Complaint, as Fed. R. Civ. P. 8(b) requires.

### 2. As a non-party, SFOG may not "preserve" or protect the rights of SFEC.

SFOG next argues that it has "preserved the right to have the Answer deemed asserted by Six Flags." [Doc. 82, at 14]. However, SFOG was not named as a Defendant by Plaintiff,[5] and its "right" to seek relief here – *in any form* – is highly debatable, at best. What is more, despite months of opportunities, neither SFEC nor SFOG has come forward with any authority to support the propriety of their concerted efforts to unilaterally substitute a non-party for a named Defendant. There is, as shown above, good reason for this, as such efforts have no basis in law.

In the end, since SFOG is not even a party, it has no "rights" to preserve here. It certainly cannot protect the rights of SFEC. *See Powers*, 499 U.S. at 410

---

[5]In addition, SFOG was neither joined under Rule 19, which governs joinder of necessary parties, nor intervened under Rule 24, which governs intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 19, 24.

-9-

("a litigant must assert his or her own legal rights and interests"). And if SFEC believed it necessary to "preserve" its right to Answer, the Federal Rules present the appropriate vehicle for it to do so. *See* Fed. R. Civ. P. 8(b).

### B. Plaintiff's Requests for Admissions Should Be Deemed Admitted as SFEC Has Failed to Respond.

#### 1. SFEC made a conscious choice not to respond to Plaintiff's Requests for Admissions, and must bear the consequences.

As to SFOG's argument that it timely served responses to Plaintiff's Requests for Admissions [Doc. 82, at 5], Plaintiff did not serve those requests on SFOG (nor would Rule 36 have permitted him to do so). Rather, the requests were served upon the only Defendant named in this lawsuit, SFEC. Of its own volition, SFEC has consciously chosen to neither respond nor object to Plaintiff's requests.

#### 2. SFEC's Response reveals that any attempt to confer regarding SFEC's default in answering Plaintiff's Requests for Admissions would have been futile.

Lastly, SFOG also argues that Plaintiff's motion should be denied because his attorneys failed to confer with SFOG's attorneys regarding the dispute. [Doc. 82, at 17-19]. This argument has no merit. As SFOG concedes, after SFOG filed an Answer, "Plaintiff objected in follow-up correspondence and telephone conversations." [Doc. 82, at 4]. Notably, SFOG further concedes that SFEC's

attorneys "proposed to file" a "jurisdictional motion" to put the issue before the Court, and, by the same token, to determine whether SFOG's discovery responses were anything but a nullity.

By all of this, it is evident that any effort by Plaintiff's attorneys to confer with SFEC's attorneys would have largely been futile. Clearly, SFEC has not been unduly prejudiced by the absence of a conference with Plaintiff's attorneys.[6]

### III.  CONCLUSION

Because SFOG is not a Defendant, was not served, is not a party, and has not otherwise joined or intervened, Plaintiff respectfully submits that the "Answer" proffered on its behalf by SFEC [Doc. 61] should be stricken.[7]

---

[6]SFOG also argues that the Answer and written discovery responses were served "in good faith." [Doc. 82, at 5, 16, 18]. However, Plaintiff's attorneys have located no authority, in this Circuit or elsewhere, that would authorize a non-party to be unilaterally substituted for a named Defendant in a case. Accordingly, the suggestion that SFOG's actions were motivated by good faith, as opposed to gamesmanship, is not at all persuasive. Indeed, what appears to have occurred is that SFEC made a strategic error, mistakenly believing that the case would be dismissed on Article III standing grounds. Having failed to succeed on its motion for dismissal, and having already informed the Court that it would not be contesting personal jurisdiction or whether the correct parties were named, SFEC was compelled to reevaluate its legal position and concluded that its best course was to manufacture by manipulation a substitution of parties. This, so it thought, might allow it to limit any class certified to customers of the Georgia park, and to escape a national class of customers of all twenty (20) SFEC parks.

[7]By the same token, any other documents filed in this action by SFEC purportedly on behalf of SFOG should also be stricken.

Similarly, because the actual Defendant – SFEC – has chosen not to respond to Plaintiff's Requests for Admissions, those requests should be deemed admitted. *See, e.g., West Kentucky Coal Co. v. Walling*, 153 F.2d 582, 587 (6th Cir. 1946); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Respectfully submitted, this 13th day of September, 2019.


**LACY, PRICE & WAGNER, P.C.**

*/s/ W. Allen McDonald*
Cindy L. Wagner
W. Allen McDonald
249 North Peters Road, Suite 101
Knoxville, Tennessee 37923
Telephone: (865) 246-0800

Christopher T. Cain
**SCOTT & CAIN**
606 West Main Street, Ste. 222
Knoxville, Tennessee 37902
Telephone: (865) 525-2150

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, W. Allen McDonald, do hereby certify that a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

This 13th day of September, 2019.

> */s/ W. Allen McDonald*
> W. Allen McDonald

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document was prepared with one of the font and point selections (Century Schoolbook, 13 point) approved by the Court in Local Rule 5.1(c).

This 13th day of September, 2019.

*/s/ W. Allen McDonald*
W. Allen McDonald
